UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RHODE ISLAND PUBLIC INTEREST RESEARCH GROUP, TOXICS ACTION CENTER, and SIERRA CLUB,

Plaintiffs,

Civil No. 05-363T

v.

BRADFORD DYEING ASSOCIATION, INC.,

Defendant.

**PLAINTIFFS' MOTION FOR LEAVE TO FILE**
**FIRST AMENDED COMPLAINT**

Pursuant to Fed. R. Civ. P. 15(a) and 18(a), plaintiffs Rhode Island Public Interest Research Group, Toxics Action Center, and Sierra Club (collectively, "Plaintiffs") hereby move for leave to amend their Complaint in the above-captioned matter. The basis for this motion is set forth in the accompanying memorandum. The proposed First Amended Complaint is attached hereto as Exhibit 1; appended to the First Amended Complaint, as Exhibit A, is Plaintiffs' notice of intent to sue defendant Bradford Dyeing Association, Inc. ("BDA").

Plaintiffs have been unable to obtain BDA's consent to this motion.

Plaintiffs wish to add the following claims against BDA:

(1) ongoing violations of narrative effluent limitations in BDA's Clean Water Act permit regarding visible discoloration of the receiving water and the discharge of visible oil sheen, foam or floating solids (new Count X);

(2) ongoing violations of numerical effluent limitations in BDA's Clean Water Act permit regarding lead (new Count XI).

In addition, Plaintiffs have made minor changes to correct errors present in the original Complaint (spelling error in heading of Count I; explanatory phrase added to ¶ 81; duplicate word deleted from ¶ 118), and have conformed headings and paragraph numbers on pages 27 and 28 to reflect the new counts.

Dated: December 9, 2005

Plaintiffs, By Their Attorneys:

Kevin J. McAllister, #2641
Brennan, Recupero, Cascione, Scungio
& McAllister, LLP
362 Broadway
Providence, Rhode Island 02909
(401) 453-2300 (phone)
(401) 453-2345 (fax)

David A. Nicholas (admitted *pro hac vice*)
20 Whitney Road
Newton, Massachusetts 02460
(617) 964-1548 (phone)
(617) 663-6233 (fax)

Joshua R. Kratka (admitted *pro hac vice*)
National Environmental Law Center
44 Winter Street, 4th Floor
Boston, Massachusetts 02108
(617) 747-4333 (phone)
(617) 292-8057 (fax)

Counsel for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that I mailed a true copy of the following documents, postage prepaid, to defense counsel listed below, on December 9, 2005: "Plaintiffs' Motion for Leave to File First Amended Complaint" (with its Exhibit I), and "Memorandum in Support of Plaintiffs' Motion for Leave to File First Amended Complaint".

Gerald J. Petros, Esq.
Alexandra K. Kallam, Esq.
Hinckley, Allen & Snyder, LLP
1500 Fleet Center
Provdience, RI 02903

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

FILED
OCT 19 2005
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

RHODE ISLAND PUBLIC INTEREST RESEARCH GROUP, TOXICS ACTION CENTER, and SIERRA CLUB,

Plaintiffs,

Civil No. 05-363T

v.

BRADFORD DYEING ASSOCIATION, INC.,

Defendant.

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

Plaintiffs Rhode Island Public Interest Research Group, Toxics Action Center, and Sierra Club (collectively, "Plaintiffs") submit this memorandum in support of their motion for leave to amend their Complaint in the above-captioned matter. Plaintiffs seek to add two additional claims for relief relating to ongoing violations of the Clean Water Act at defendant Bradford Dyeing Association, Inc.'s ("BDA") textile finishing plant in Westerly, Rhode Island.

Since Plaintiffs filed their original Complaint in August 2005, they have obtained additional information regarding BDA's recent pollutant discharges into the Pawcatuck River. This information includes the most recent publicly available monthly discharge monitoring reports submitted by BDA to the Rhode Island Department of Environmental Management; the results of an inspection conducted by the U.S. Environmental Protection Agency in September 2005; and the accounts of several eye witnesses.

Based on this recent information, Plaintiffs have a reasonable belief that BDA's violations of the following permit limits are ongoing: (1) narrative effluent limitations in BDA's Clean Water Act permit prohibiting visible discoloration of the receiving water and the discharge of visible oil sheen, foam or floating solids, and (2) numerical effluent limitations in BDA's Clean Water Act permit regarding lead.

These claims relate to the same water treatment and discharge system on which Plaintiffs' existing Clean Water Act claims are based. Plaintiffs had given 60 days notice to BDA of its past violations of permit limitations regarding visible discharges and lead, but did not include these claims in their original Complaint because they decided to wait for more updated information before asserting them.

## ARGUMENT

### I. JOINDER OF ADDITIONAL CLAIMS RELATING TO CLEAN WATER ACT VIOLATIONS AT BDA IS PROPER.

The joinder of claims is governed by Fed. R. Civ. P. 18(a), which provides that a party asserting an original claim "may join ... as many claims ... as the party has against an opposing party." See generally United Mine Workers v. Gibbs, 383 U.S. 715, 724 (1966) ("[J]oinder of claims, parties and remedies is strongly encouraged."). Although there is no requirement that the joined claims be related to the same transaction or occurrence, a court may look to relatedness in determining whether it is fair or convenient to try the claims as part of the same action. See Fed. R. Civ. P. 18, Advisory Comm. Notes to 1966 Amend.

The claims Plaintiffs seek to add are based on the same wastewater discharge from the same factory, under the same permit, and into the same receiving waters as their existing Clean Water Act claims. Joinder will serve the interests of judicial economy by

allowing this Court to resolve all matters relating to wastewater discharge violations at BDA's facility in one comprehensive suit, rather than in piecemeal fashion.

## II. PLAINTIFFS ARE ENTITLED TO AMEND THEIR COMPLAINT AT THIS TIME TO ADD THE NEW CLEAN WATER ACT CLAIMS.

Even after a defendant has filed a responsive pleading, as BDA has here, leave to amend the complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). While the ruling on a motion to amend is within the discretion of the trial court, "amendments under the rule are liberally granted, and some justification is required for a refusal." Desrosiers v. Hartford Life and Acc. Ins. Co., 354 F.Supp.2d 119, 129 (D.R.I. 2005) (quoting Ondis v. Barrows, 538 F.2d 904, 909 (1st Cir.1976)).

In general, a motion to amend should be granted unless the amendment would be futile or unless it is "apparent" that it would "reward undue delay, bad faith, or dilatory motive on the part of the movant." Ferreira v. City of Pawtucket, 365 F.Supp.2d 215, 216 (D.R.I. 2004) (internal quotes omitted). None of these factors is present here.

Plaintiffs' request to amend is made in a good faith attempt to resolve all issues relating to BDA's Clean Water Act compliance in a single suit. The additional claims are being asserted now because of newly acquired information, and less than four months have passed since the original Complaint was filed. Compare Tiernan v. Blyth, Eastman, Dillon & Co., 719 F.2d 1, 4 (1st Cir. 1983) (motion denied where amendment was filed two years later, was based on no new facts, and would have delayed trial).

Granting Plaintiffs leave to amend will not prejudice BDA, as BDA has been on notice of these claims since receiving Plaintiffs' notice letter in June 2005 and discovery in the case is only just beginning.

The new claims suffer from no obvious deficiency that would render the amendment futile; they are similar in nature to the existing Clean Water Act claims, which are extant.

## CONCLUSION

For the reasons stated above, Plaintiffs' Motion for Leave to File First Amended Complaint should be granted.

Dated: December 9, 2005

Plaintiffs, By Their Attorneys:

Kevin J. McAllister, #2641
Brennan, Recupero, Cascione, Scungio
& McAllister, LLP
362 Broadway
Providence, Rhode Island 02909
(401) 453-2300 (phone)
(401) 453-2345 (fax)

David A. Nicholas (admitted *pro hac vice*)
20 Whitney Road
Newton, Massachusetts 02460
(617) 964-1548 (phone)
(617) 663-6233 (fax)

Joshua R. Kratka (admitted *pro hac vice*)
National Environmental Law Center
44 Winter Street, 4th Floor
Boston, Massachusetts 02108
(617) 747-4333 (phone)
(617) 292-8057 (fax)

Counsel for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that I mailed a true copy of the following documents, postage prepaid, to defense counsel listed below, on December 9, 2005: "Plaintiffs' Motion for Leave to File First Amended Complaint" (with its Exhibit I), and "Memorandum in Support of Plaintiffs' Motion for Leave to File First Amended Complaint".

Gerald J. Petros, Esq.
Alexandra K. Kallam, Esq.
Hinckley, Allen & Snyder, LLP
1500 Fleet Center
Provdience, RI 02903