UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

District of Rhode Island
Property of U.S. District Court
JAN 19 2006
RECEIVED

RHODE ISLAND PUBLIC INTEREST RESEARCH GROUP, TOXICS ACTION CENTER, and SIERRA CLUB,

Plaintiffs,

v.

BRADFORD DYEING ASSOCIATION, INC.,

Defendant.

Civil No. 05-363T

**CONFIDENTIALITY ORDER**

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, and protect material entitled to be kept confidential, it is, pursuant to the Court's authority under Fed. R. Civ. P. 26(c), ORDERED:

1. **Designation Of Confidential Documents.** For good cause, any party or other person producing documents in connection with the above captioned matter may stamp a document or a clearly delineated portion of an otherwise non-confidential document as confidential prior to producing it. Blanket claims of confidentiality are prohibited.

2. **Nondisclosure of Stamped Confidential Documents.** Except with the prior written consent of the party or other person originally designating a document to be stamped as a confidential document, or as otherwise provided under this Order, no document stamped confidential may be disclosed to any person other than those identified in this paragraph. Disclosures of stamped confidential documents may be made only when, in good faith judgment of their counsel, such disclosure is necessary to effective representation in this case. Rhode

Island Public Interest Research Group designates Advocate Matt Auten to receive confidential documents. Toxics Action Center designates Executive Director Alyssa Schuren and Rhode Island Field Organizer Jay Rasku to receive confidential documents. Sierra Club designates Executive Committee Chair Alison Buckser and Program Coordinator Jennifer Tuttle to receive confidential documents. Bradford Dyeing Association, Inc. designates President Michael Grills, Chairman of the Board Richard Grills, Director of Human Resources Mike Sousa, and Environmental Director David Gibbons to receive confidential documents. A party may designate additional representatives to receive confidential documents with the consent of the opposing party(ies). Each person designated to receive confidential documents must certify in writing that they understand the terms of this Order and will abide by its terms as set forth in Exhibit A.

3. **Publicly Available Information Is Not Confidential.** Information that is available to the public (other than through a breach of this Order) or lawfully obtained from third parties, including but not limited to all information available pursuant to Section 308(b) of the Clean Water Act, 33 U.S.C. § 1318(b), and Section 114(c) of the Clean Air Act, 42 U.S.C. § 7414(c), is not considered confidential for purposes of this Order.

4. **Permissible Disclosures.** Notwithstanding Paragraph 2, stamped confidential documents may be disclosed to (a) the parties' counsel, and employees of the parties' counsel, who are working on the litigation; (b) court officials (including deposition court reporters) involved in this litigation; and (c) any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper. Also notwithstanding Paragraph 2, documents stamped confidential may be disclosed to (a), persons noticed for deposition or designated as trial witnesses so long as all parties agree to the disclosure of confidential documents to any such

person in advance of any disclosure of confidential documents; and (b) outside consultants or experts retained for this litigation. These individuals must certify in writing that they understand the terms of this Order and will abide by its terms. (See Exhibit A). Such certification shall be retained by counsel for the party obtaining it, but need not be disclosed to anyone else unless ordered by the Court.

5. **Declassification.** A party may apply to the Court for a ruling that a document, a portion of a document, or a category of documents stamped as confidential is not entitled to such status and protection. The party or other person who designated the document as confidential shall be given notice of the application and an opportunity to respond. To maintain confidential status, the proponent of confidentiality must show by a preponderance of the evidence that there is good cause for the document to have such protection.

6. **Confidential Information In Depositions.** Individuals identified in Paragraphs 2 and 4 may be shown confidential documents during their depositions. In addition, notwithstanding Pararaphs 2 and 4, other individuals who are deposed may be shown confidential documents provided by them or the entities they are employed by or represent. Deponents shall not retain or copy portions of the transcript of their depositions that contain confidential information not provided by them or the entities they represent unless they certify in writing that they understand the terms of this Order and will abide by its terms (see Exhibit A). Parties (and deponents) may, within 7 business days after receiving a deposition transcript, notify opposing counsel in writing of their designation of portions of the transcript (identified by line and page number) and exhibits thereto as confidential. Until expiration of the 7-day period, the entire deposition will be treated as subject to protection against disclosure under this Order. If no party or deponent timely designates confidential information in a deposition, none of the

transcript or its exhibits will be treated as confidential. The declassification procedures set forth in Paragraph 5 apply to declassification of information designated as confidential in depositions.

7. **Subpoena By Other Courts Or Agencies.** If another court or an administrative agency subpoenas or orders production of stamped confidential documents that a party has obtained under the terms of this Order, such party shall promptly notify the party or other person who designated the document as confidential of the pendency of such subpoena or order.

8. **Filing.** If a confidential document is appended to or cited in a pleading, only that portion of the pleading containing confidential information shall be filed under seal. Filing with the Court of any document or information that is subject to this protective order shall be considered a disclosure unless the document or information is filed under seal. No document or information may be filed under seal without prior authorization from the Court. The parties shall make every effort to avoid seeking to file documents or information under seal. Any order authorizing the filing of documents or information under seal or prohibiting the disclosure of information, shall be subject to review at the request of any party, any member of the public, or the Court *sua sponte*.

9. **Client Consultation.** Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of stamped confidential documents; provided, however, that in rendering such advice and otherwise communicating with such clients, counsel shall not disclose any confidential information or documents except pursuant to Paragraph 2 .

10. **Inadvertent Disclosure.** The production of any document as to which a party has a good faith claim of exemption from discovery (whether based on attorney-client privilege, work product doctrine, or other applicable exemption from discovery) shall not be a waiver of

such exemption from discovery, provided that the producing party makes a claim for the return of such document upon discovering its production. Upon receiving such claim, the receiving party shall return the document and shall not use it in any way until the validity of the claim of exemption from discovery shall have been agreed upon or decided upon by the Court.

11. **Return Of Documents.** After the termination of all aspects of this case, confidential documents and all copies shall be returned to the party or other person designating the documents confidential or, with the consent of such party or other person, destroyed.

12. **Modification Permitted.** Nothing in this Order shall prevent any party or other person from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.

Counsel for Plaintiffs:

Kevin J. McAllister, Esq.
Brennan, Recupero, Cascione, Scuntio & McAllister, LLP
362 Broadway
Providence, RI 02909

Joshua R. Kratka, Esq.
National Environmental Law Center
44 Winter Street, 4th Floor
Boston, MA 02108

David A. Nicholas, Esq.
20 Whitney Road
Newton, MA 02460

Counsel for Defendant:

Gerald J. Petros, Esq. (#2931)
Alexander K. Callam, Esq. (#5358)
Mitchell R. Edwards, Esq. (#6942)
Hinckley, Allen & Snyder LLP
1500 Fleet Center
Providence, Rhode Island 02903

DATED:

Ernest C Torres
Chief Judge of the United States District Court
1/20/06

**EXHIBIT A**

1. I, ________________________________, have read the foregoing Confidentiality Order dated ________________________ (the "Order") in the action captioned Rhode Island Public Interest Research Group et al. v. Bradford Dyeing Association, Inc., C.A. No. 05-363 T, pending in the United States District Court for the District of Rhode Island (the "Action"). I understand and agree to be bound by its terms with respect to any documents, material or information designated as "Confidential" thereunder that are furnished to me as set forth in the Order.

2. I further agree: (a) not to disclose to anyone any documents, material or information designated as "Confidential" other than as set forth in the Order; and (b) not to make any copies of any documents, material or information designated as "Confidential" except in accordance with the Order.

3. I hereby consent to the jurisdiction of the United States District Court before which proceedings in the Action are then pending with regard to any proceedings to enforce the terms of the Order against me.

4. I hereby agree that any documents, materials or information designated as "Confidential" that are furnished to me will be used by me only for the purposes of the Action, and for no other purpose, and will not be used by me in any business affairs of my employer or of my own, nor will they be disclosed by me to any other person.

________________________________
Signature Date