UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RHODE ISLAND PUBLIC INTEREST RESEARCH GROUP, TOXICS ACTION CENTER and SIERRA CLUB,

Plaintiffs, Civil No. 05-363-T

Vs.

BRADFORD DYEING ASSOCIATION, INC.,

Defendant.

**BRADFORD DYEING ASSOCIATION'S ANSWER TO RHODE ISLAND PUBLIC INTEREST RESEARCH GROUP, TOXICS ACTION CENTER AND SIERRA CLUB'S FIRST AMENDED COMPLAINT**

Bradford Dyeing Association, Inc. ("Bradford") hereby answers the First Amended Complaint of Plaintiffs, Rhode Island Public Interest Research Group, Toxics Action Center, and Sierra Club ("Complaint").

## NATURE OF THE CASE

1. The allegations contained in paragraph 1 constitute legal conclusions to which Bradford is not required to respond.

2. Bradford admits that it is a Rhode Island Corporation operating a textile mill in Westerly, Rhode Island. Bradford denies the remaining allegations in paragraph 2.

## JURISDICTION, VENUE, AND NOTICE

3. The allegations contained in paragraph 3 constitute legal conclusions as to which no response is required.

4. The allegations contained in paragraph 4 constitute legal conclusions as to which no response is required.

5. Bradford admits that it received a letter dated June 20, 2005, from The National Environmental Law Center regarding certain alleged violations of federal environmental laws. Bradford states that it has insufficient knowledge and information on which to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, denies those allegations.

## PARTIES

6. Admitted.

7. Bradford admits that it emits certain compounds into the air each year but denies Plaintiffs' characterizations.

8. Bradford has insufficient knowledge and information on which to form a belief as to the truth of the allegations in this paragraph and, therefore, denies those allegations.

9. Admitted.

10. The allegations contained in the first sentence of paragraph 10 constitute a legal conclusion to which no response is required. Bradford denies the remaining allegations in paragraph 10.

11. Bradford is without sufficient knowledge and information to form a belief as to the truth of the matters alleged in this paragraph and, therefore, denies these allegations.

12. Bradford is without sufficient knowledge and information to form a belief as to the truth of the matters alleged in this paragraph and, therefore, denies these allegations.

13. Bradford is without sufficient knowledge and information to form a belief as to the truth of the matters alleged in this paragraph and, therefore, denies these allegations.

14. Bradford is without sufficient knowledge and information to form a belief as to the truth of the matters alleged in the first sentence of paragraph 14 and, therefore, denies these allegations. Bradford denies the remaining allegations in paragraph 14.

**COUNT I**

15. The allegations contained in paragraph 15 constitute legal conclusions as to which no response is required. To the extent a response is required, Bradford states that it has insufficient knowledge and information on which to form a belief as to the truth of the allegations and, therefore, denies those allegations.

16. The allegations contained in paragraph 16 constitute legal conclusions as to which no response is required. To the extent a response is required, Bradford states that it has insufficient knowledge and information on which to form a belief as to the truth of the allegations and, therefore, denies those allegations.

17. Bradford admits that it has a Title V permit Number RI 12.01. With respect to the allegations in the second sentence of paragraph 17, Bradford states that the Title V permit is a written document and the contents speak for themselves. Bradford states that the allegation in the third sentence of paragraph 17 is a legal conclusion to which Bradford is not required to respond. To the extent that a response is required, Bradford states that it has insufficient knowledge and information on which to form a belief as to the truth of the allegations and, therefore, denies those allegations.

18. The allegations contained in paragraph 18 constitute legal conclusions as to which no response is required.

19-26. Denied.

27. Bradford denies the first sentence of paragraph 27. The second sentence of paragraph 27 constitutes a legal conclusion to which Bradford is not required to respond.

28. Rhode Island air pollution control regulations and BDA's Title V permit are written documents, the terms of which speak for themselves. Bradford denies Plaintiffs' characterizations.

29. The allegations contained in paragraph 29 constitute legal conclusions as to which no response is required.

30. The allegations contained in paragraph 30 constitute legal conclusions as to which no response is required.

31. Bradford's Title V permit is a written document, the terms of which speak for themselves.

32-35. Denied.

36. Bradford admits that there was a fire at its facility on May 9, 2005.

37. Denied.

38. Bradford is without sufficient knowledge and information on which to form a belief as to the truth of the matters alleged in this paragraph, and therefore, denies these allegations.

39. Bradford is without sufficient knowledge and information on which to form a belief as to the truth of the matters alleged in this paragraph, and therefore, denies these allegations.

40-41. Denied.

## COUNT II

42. Bradford restates and incorporates by reference the answers to paragraphs 1-41 as if fully set forth herein.

43. Bradford states that Rhode Island air pollution control regulations and Bradford's Title V permit are written documents, the terms of which speak for themselves. Bradford denies Plaintiffs' characterization of these documents.

44. The Rhode Island air pollution control regulations are a written document, the terms of which speak for themselves.

45. The allegations contained in paragraph 45 constitute legal conclusions as to which no response is required.

46. Bradford's Title V permit is a written document, the terms of which speak for themselves. Bradford denies Plaintiffs' characterization of the Title V permit; the actual terms are set forth in the complete document.

47-51. Denied.

52. Bradford has insufficient knowledge and information on which to form a belief as to the truth of the allegations contained in the first sentence of paragraph 52. Bradford denies the remaining allegations in paragraph 52.

53. Denied.

## COUNT III

54. Bradford restates and incorporates by reference the answers to paragraphs 1-53 as if fully set forth herein.

55. The allegations contained in paragraph 55 constitute legal conclusions as to which no response is required. To the extent that a response is required, Bradford states that it has

insufficient knowledge and information on which to form a belief as to the truth of the allegations and therefore denies those allegations.

56. Bradford admits that it burns oil and natural gas that result in emissions of certain compounds but denies Plaintiffs' characterizations.

57. The allegations contained in paragraph 57 constitute legal conclusions as to which no response is required.

58. The allegations contained in paragraph 58 constitute legal conclusions as to which no response is required.

59. Bradford's Title V permit is a written document, the contents speak for themselves. Bradford denies Plaintiffs' characterization of the Title V permit; the actual terms are set forth in the complete document.

60-64. Denied.

65. Bradford has insufficient knowledge and information on which to form a belief as to the truth of the allegations in paragraph 65 and, therefore, denies those allegations.

66-68. Denied.

69. Bradford denies the allegations contained in the first sentence of paragraph 69. Bradford has insufficient knowledge and information on which to form a belief as to the truth of the allegations in the second sentence of paragraph 69 and, therefore, denies those allegations.

70. Bradford has insufficient knowledge and information on which to form a belief as to the truth of the allegations in the first sentence of paragraph 70 and, therefore, denies those allegations. Bradford denies the allegations contained in the second sentence of paragraph 70.

**COUNT IV**

71. Bradford restates and incorporates by reference the answers to paragraphs 1-70 as if fully set forth herein.

72. Bradford states the allegations contained in these paragraphs constitute legal conclusions to which Bradford is not required to respond. To the extent that a response is required, Bradford states that it has insufficient knowledge and information on which to form a belief as to the truth of the allegations and therefore denies those allegations.

73. Admitted.

74. The allegations contained in paragraph 74 constitute legal conclusions as to which no response is required.

75. The allegations contained in paragraph 75 constitute legal conclusions as to which no response is required.

76. The allegations contained in paragraph 76 constitute legal conclusions as to which no response is required.

77. Denied.

78. The allegations contained in paragraph 78 constitute legal conclusions as to which no response is required. To the extent that a response is required, Bradford states that it has insufficient knowledge and information on which to form a belief as to the truth of the allegations and therefore denies those allegations.

79-85. Denied.

86. Bradford states that it has insufficient knowledge and information on which to form a belief as to the truth of the allegations in the first sentence of paragraph 86, and therefore denies those allegations. Bradford denies the remaining allegations in paragraph 86.

87. Denied.

## COUNT V

88. Bradford restates and incorporates by reference the answers to paragraphs 1-87 as if fully set forth herein.

89. Bradford has insufficient knowledge and information on which to form a belief as to the truth of the allegations in paragraph 89, and therefore denies those allegations.

90. Bradford has insufficient knowledge and information on which to form a belief as to the truth of the allegations in paragraph 90, and therefore denies those allegations.

91. Bradford has insufficient knowledge and information on which to form a belief as to the truth of the allegations in paragraph 91, and therefore denies those allegations.

92. The allegations contained in paragraph 92 constitute legal conclusions as to which no response is required.

93. Denied.

94. Denied.

95. Bradford states that it has insufficient knowledge and information on which to form a belief as to the truth of the allegations in the first sentence of paragraph 95, and therefore denies those allegations. Bradford denies the remaining allegations in paragraph 95.

96. Denied.

## COUNT VI

97. Bradford restates and incorporates by reference the answers to paragraphs 1-96 as if fully set forth herein.

98. Admitted.

99. Bradford has insufficient knowledge and information on which to form a belief as to the truth of the allegations in paragraph 99, and therefore denies those allegations.

100. Bradford's RIPDES permit is a written document, the terms of which speak for themselves. Bradford denies Plaintiffs' characterization of the RIPDES permit; the actual terms are set forth in the complete document.

101. Denied.

102. Denied.

103. Bradford states that it has insufficient knowledge and information on which to form a belief as to the truth of the allegations in the first sentence of paragraph 103, and therefore denies those allegations. Bradford denies the remaining allegations in paragraph 103.

## COUNT VII

104. Bradford restates and incorporates by reference the answers to paragraphs 1-103 as if fully set forth herein.

105. Bradford's RIPDES permit is a written document, the terms of which speak for themselves. Bradford denies Plaintiffs' characterization of the RIPDES permit; the actual terms are set forth in the complete document.

106. Bradford has insufficient knowledge and information on which to form a belief as to the truth of the allegations in paragraph 106, and therefore denies those allegations.

107. Bradford's RIPDES permit is a written document, the terms of which speak for themselves. Bradford denies Plaintiffs' characterization of the RIPDES permit; the actual terms are set forth in the complete document.

108. Bradford has insufficient knowledge and information on which to form a belief as to the truth of the allegations in paragraph 108, and therefore denies those allegations.

109. Denied.

110. Denied.

111. Bradford's RIPDES permit is a written document, the terms of which speak for themselves. Bradford denies Plaintiffs' characterization of the RIPDES permit; the actual terms are set forth in the complete document.

112. Bradford's RIPDES permit is a written document, the terms of which speak for themselves. Bradford denies Plaintiffs' characterization of the RIPDES permit; the actual terms are set forth in the complete document.

113. Denied.

114. Bradford states that it has insufficient knowledge and information on which to form a belief as to the truth of the allegations in the first sentence of paragraph 114, and therefore denies those allegations. Bradford denies the remaining allegations in paragraph 114.

**COUNT VIII**

115. Bradford restates and incorporates by reference the answers to paragraphs 1-114 as if fully set forth herein.

116. Bradford has insufficient knowledge and information on which to form a belief as to the truth of the allegations in paragraph 116, and therefore denies those allegations.

117. Bradford has insufficient knowledge and information on which to form a belief as to the truth of the allegations in paragraph 117, and therefore denies those allegations.

118. Bradford's RIPDES permit is a written document, the terms of which speak for themselves. Bradford denies Plaintiffs' characterization of the RIPDES permit; the actual terms are set forth in the complete document.

119. Denied.

120. Bradford states that it has insufficient knowledge and information on which to form a belief as to the truth of the allegations in the first sentence of paragraph 120, and therefore denies those allegations. Bradford denies the remaining allegations in paragraph 120.

**COUNT IX**

121. Bradford restates and incorporates by reference the answers to paragraphs 1-120 as if fully set forth herein.

122. Bradford's RIPDES permit is a written document, the terms of which speak for themselves. Bradford denies Plaintiffs' characterization of the RIPDES permit; the actual terms are set forth in the complete document.

123. Bradford has insufficient knowledge and information on which to form a belief as to the truth of the allegations in paragraph 123, and therefore denies those allegations.

124. Bradford's RIPDES permit is a written document, the terms of which speak for themselves. Bradford denies Plaintiffs' characterization of the RIPDES permit; the actual terms are set forth in the complete document.

125. Bradford's RIPDES permit is a written document, the terms of which speak for themselves. Bradford denies Plaintiffs' characterization of the RIPDES permit; the actual terms are set forth in the complete document.

126. Denied.

127. Bradford states that it has insufficient knowledge and information on which to form a belief as to the truth of the allegations in the first sentence of paragraph 127, and therefore denies those allegations. Bradford denies the remaining allegations in paragraph 127.

## COUNT X

128. Bradford restates and incorporates by reference the answers to paragraphs 1-127 as if fully set forth herein.

129. Bradford's RIPDES permit is a written document, the terms of which speak for themselves. Bradford denies Plaintiffs' characterization of the RIPDES permit; the actual terms are set forth in the complete document. The allegations contained in the last sentence of paragraph 129 constitute legal conclusions as to which no response is required.

130. Denied.

131. Denied.

132. Bradford states that it has insufficient knowledge and information on which to form a belief as to the truth of the allegations in the first sentence of paragraph 132, and therefore denies those allegations. Bradford denies the remaining allegations in paragraph 132.

## COUNT XI

133. Bradford restates and incorporates by reference the answers to paragraphs 1-132 as if fully set forth herein.

134. Bradford states that it has insufficient knowledge and information on which to form a belief as to the truth of the allegations in paragraph 134 and therefore denies those allegations.

135. Denied.

136. Denied.

137. Bradford's RIPDES permit is a written document, the terms of which speak for themselves. Bradford denies Plaintiffs' characterization of the RIPDES permit; the actual terms

are set forth in the complete document. Bradford denies any remaining allegations of paragraph 137.

138-142. Denied.

143. Bradford states that it has insufficient knowledge and information on which to form a belief as to the truth of the allegations in the first sentence of paragraph 143, and therefore denies those allegations. Bradford denies the remaining allegations in paragraph 143.

144. Bradford has insufficient knowledge and information on which to form a belief as to the truth of the allegations in paragraph 144, and therefore denies those allegations.

145. Bradford has insufficient knowledge and information on which to form a belief as to the truth of the allegations in paragraph 145, and therefore denies those allegations.

146. Bradford has insufficient knowledge and information on which to form a belief as to the truth of the allegations in paragraph 146, and therefore denies those allegations.

147. Bradford has insufficient knowledge and information on which to form a belief as to the truth of the allegations in paragraph 147, and therefore denies those allegations.

148. Denied.

## First Defense

The Complaint fails to state a claim against Bradford upon which relief can be granted.

## Second Defense

Plaintiffs' claims are barred in whole or in part by the applicable statues of limitation.

## Third Defense

Plaintiffs' claims are barred in whole or in part by the equitable doctrines of laches, waiver or estoppel.

**Fourth Defense**

Plaintiffs' Complaint does not satisfy the jurisdictional requirements of a citizen suit under the Clean Water Act and under the Clean Air Act.

**Fifth Defense**

Plaintiffs' claims are barred in whole or in part because the Department of Environmental Management has taken and is taking administrative actions requiring compliance by Bradford.

**Sixth Defense**

Plaintiffs' claims are barred in whole or in part by the doctrines of collateral estoppel and res judicata.

**Seventh Defense**

Plaintiffs' claims are barred in whole or in part because they failed to provide proper notice as required by Section 304(b) of the Clean Air Act and Section 505(b) of the Clean Water Act.

**Eighth Defense**

Plaintiffs' claims are barred in whole or in part because the violations, if any, are wholly past and not ongoing, and have not been repeated.

**Ninth Defense**

Plaintiffs' claims are barred in whole or in part because they are moot.

**Tenth Defense**

Plaintiffs' claims are barred in whole or in part because Plaintiffs have not met the requirement of Article III of the Constitution.

**Eleventh Defense**

Plaintiffs' claims are barred in whole or in part because Plaintiffs do not have standing.

**REQUEST FOR RELIEF**

WHEREFORE, defendant Bradford Dyeing Association, Inc. hereby requests that the Court grant the following relief:

A. Dismiss Plaintiff's Complaint in its entirety, with prejudice;

B. Deny each demand and prayer for relief contained in the Complaint;

C. Award Bradford costs and reasonable attorney fees; and

D. Grant such other and further relief as the Court deems just and proper.

BRADFORD DYEING ASSOCIATION, INC.,

By its Attorneys,

Gerald J. Petros (#2931)
Alexandra K. Callam (#5358)
Mitchell R. Edwards (#6942)
Hinckley, Allen & Snyder LLP
1500 Fleet Center
Providence, Rhode Island 02903
401-274-2000
401-277-9600 Fax

Dated: February 3, 2006

**CERTIFICATION**

To:

Kevin J. McAllister, Esq.
Brennan, Recupero, Cascione, Scuntio & McAllister, LLP
362 Broadway
Providence, RI 02909

Joshua R. Kratka, Esq.
National Environmental Law Center
44 Winter Street, 4th Floor
Boston, MA 02108

David A. Nicholas, Esq.
20 Whitney Road
Newton, MA 02460

I hereby certify that on this 3rd day of February, 2006, I caused a true copy of the within Answer to be served by first class mail, postage pre-paid, to counsel of record, as listed above.

Kandy M Marchand

693370-v1

## REQUEST FOR RELIEF

WHEREFORE, defendant Bradford Dyeing Association, Inc. hereby requests that the Court grant the following relief:

A. Dismiss Plaintiff's Complaint in its entirety, with prejudice;

B. Deny each demand and prayer for relief contained in the Complaint;

C. Award Bradford costs and reasonable attorney fees; and

D. Grant such other and further relief as the Court deems just and proper.

BRADFORD DYEING ASSOCIATION, INC.,

By its Attorneys,

[signature]

Gerald J. Petros (#2931)
Alexandra K. Callam (#5358)
Mitchell R. Edwards (#6942)
Hinckley, Allen & Snyder LLP
1500 Fleet Center
Providence, Rhode Island 02903
401-274-2000
401-277-9600 Fax

Dated: February 3, 2006

**CERTIFICATION**

To:

Kevin J. McAllister, Esq.
Brennan, Recupero, Cascione, Scuntio & McAllister, LLP
362 Broadway
Providence, RI 02909

Joshua R. Kratka, Esq.
National Environmental Law Center
44 Winter Street, 4th Floor
Boston, MA 02108

David A. Nicholas, Esq.
20 Whitney Road
Newton, MA 02460

I hereby certify that on this 3rd day of February, 2006, I caused a true copy of the within Answer to be served by first class mail, postage pre-paid, to counsel of record, as listed above.

Kandy M Marchand

693370-v1