UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RHODE ISLAND PUBLIC INTEREST RESEARCH GROUP, TOXICS ACTION CENTER and SIERRA CLUB,

Plaintiffs, Civil No. 05-363-T

v.

BRADFORD DYEING ASSOCIATION, INC.,

Defendant.

**THIRD AMENDED NOTICE TO TAKE DEPOSITION OF TOXICS ACTION CENTER**

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 30(b)(6), Defendant Bradford Dyeing Association, Inc. ("Bradford"), by it attorneys, will take the deposition upon oral examination of and before a person qualified to administer oaths and make stenographic transcripts, of Toxics Action Center, which shall produce for deposition the person or persons with knowledge of the topics set forth on Schedule 1 attached hereto. The deposition will be taken at the offices of Hinckley, Allen & Snyder LLP, 1500 Fleet Center, Providence, Rhode Island, 02903 on March 7, 8, 28 & 29, 2006 at 9:30 a.m. The oral examination will continue day to day until concluded.

You are invited to attend and cross-examine.

BRADFORD DYEING ASSOCIATION, INC.,

By its Attorneys,

Gerald J. Petros (#2931)
Alexandra K. Callam (#5358)
Mitchell R. Edwards (#6942)
Hinckley, Allen & Snyder LLP
1500 Fleet Center
Providence, Rhode Island 02903
401-274-2000
401-277-9600 Fax

Dated: February 23, 2006

**CERTIFICATION**

To:

Kevin J. McAllister, Esq.
Brennan, Recupero, Cascione, Scuntio & McAllister, LLP
362 Broadway
Providence, RI 02909

David A. Nicholas
20 Whitney Road
Newton, MA 02460

Joshua R. Kratka
National Environmental Law Center
44 Winter Street, 4th Floor
Boston, MA 02108

Vivan Dafoulas
50 Fieldstone Dr.
East Greenwich, RI 02818

I certify that I mailed and faxed a copy of this Notice to counsel on the 24th day of February, 2006.

Kandy M Marchand

**SCHEDULE 1**

1. The factual basis for Plaintiffs' allegations regarding Bradford's alleged contaminant violations of the Clean Air Act.
2. The factual basis for Plaintiffs' allegations regarding Bradford's alleged odor violations of the Clean Air Act.
3. The factual basis for Plaintiffs' allegations regarding Bradford's alleged opacity violations of the Clean Air Act.
4. The factual basis for Plaintiffs' allegations regarding Bradford's alleged fecal coliform violations of its RIPDES permit(s) and/or any other pertinent requirements of the Clean Water Act.
5. The factual basis for Plaintiffs' allegations regarding Bradford's alleged copper violations of its RIPDES permit(s) and/or any other pertinent requirements of the Clean Water Act.
6. The factual basis for Plaintiffs' allegations regarding Bradford's alleged whole effluent toxicity violations of its RIPDES permit(s) and/or any other pertinent requirements of the Clean Water Act.
7. The factual basis for Plaintiffs' allegations regarding any other alleged violations by Bradford of its RIPDES permit(s) and/or any other pertinent requirements the Clean Water Act, including Bradford's alleged BOD, COD, TSS, pH and surfactant violations.
8. Complaints made by TOXICS ACTION CENTER's group members or other individuals regarding Bradford's activities, including, but not limited to, complaints relating to

Bradford's alleged opacity, odor, and/or contaminant violations of the Clean Air Act and Bradford's alleged Copper, fecal coliform, Whole Effluent Toxicity, BOD, COD, TSS, pH and surfactant violations of its RIPDES permit and/or other pertinent requirements of the Clean Water Act.

9. The factual basis for TOXICS ACTION CENTER's contention that Bradford may have caused damage to the property of one or more of TOXICS ACTION CENTER's members.
10. The individuals whose property TOXICS ACTION CENTER alleges Bradford may have damaged as a result of alleged Clean Air Act violations.
11. The effect(s) of Bradford's alleged contaminant, odor, and/or opacity violations on Plaintiffs' group members or other individuals as alleged in Plaintiffs' complaint.
12. The effect(s) of Bradford's alleged Clean Water Act violations on TOXICS ACTION CENTER's group members or other individuals as alleged in Plaintiffs' complaint.
13. The water quality of the Pawcatuck River.
14. The RIPDES permitting history of Bradford.
15. The effects of Bradford's wastewater discharges on human health and/or the environment.
16. TOXICS ACTION CENTER, including its purposes, activities, organizational history, organizational structure, who its members are, its relationship to other organizations, including other PIRG's, the location(s) of its offices, the identify of its staff, its funding sources, and its methods for selecting defendants for litigation.
17. Whether TOXICS ACTION CENTER or any other person considered other persons or entities similarly situated to Bradford as objects of this litigation, and, if so, who those

persons or entities were and how TOXICS ACTION CENTER decided to act against Bradford and not others, including Municipal POTW's.

18. Any expert reviews that have been done so far related to Bradford or any of the other issues of this action.
19. Plaintiffs' basis for standing to bring this suit, including the basis for any allegations in Plaintiffs' complaint related to standing.
20. DEM's actions or positions on any of the matters related to the subject matter of this action.
21. Any other damage or injury allegedly caused by Bradford not covered in the matters designated above.
22. The basis for any other allegations in Plaintiffs' complaint not covered in the matters designated above.