**U.S. Department of Justice**

Environment and Natural Resources Division

*Law and Policy Section*
*P.O. Box 4390*
*Ben Franklin Station*
*Washington, DC 20044-4390*

*Telephone (202) 514-1442*
*Facsimile (202) 514-4231*

RECEIVED
OCT 13 2006
Clerk of U.S. District Court
District of Rhode Island

October 12, 2006

Clerk of Court
United States District Court for District of Rhode Island
Federal Building and Courthouse
One Exchange Terrace
Providence, RI 02903

Re: Rhode Island Public Interest Research Group, Toxics Action Center, and Sierra Club v. Bradford Dyeing Association, Inc., Case No. 05-363, United States District Court for the District of Rhode Island

Dear Clerk:

On September 18, 2006, the United States submitted a letter to the Court and the parties with comments regarding certain concerns of the United States with respect to a proposed consent decree (the "Consent Decree") in the above-referenced suit. Since this submission, we have received the enclosed correspondence from counsel addressing those concerns.

In response to the concerns the United States expressed with respect to the Consent Decree's provision for a payment of $75,000 to create the Bradford Area Environmental Fund, which will fund certain environmental projects, the parties have provided the United States with information about the projects that the Fund will finance, along with letters from the entities selected to perform those projects. In those letters, the entities that will perform these projects have represented that they will comply with various conditions, as described in the United States' September 18, 2006 letter, which the United States believes will help ensure that the monies expended under the Consent Decree will be used in a manner that furthers the purposes of the Act, and that is consistent with the law and the public interest.

In response to the concern the United States expressed with respect to language in the Consent Decree suggesting that certain tests Bradford Dyeing Association may perform pursuant to the Consent Decree would not be "used for or considered part of the sampling and testing done for purposes of BDA's RIPDES Permit reporting or compliance," Consent Decree ¶ 24, the parties affirm that the Consent Decree does not limit the government's ability to enforce compliance with the Clean Water Act, EPA regulations, or BDA's RIPDES permit. The United States notes that, as explained in its September 18 letter, the Clean Water Act regulations of the Environmental Protection Agency, and all RIPDES permits, require a permittee that performs more frequent tests than required, using test procedures approved by the EPA, those test results

are to be included in the calculation and reporting of compliance data. The United States also reiterates that nothing in the Consent Decree can be understood to limit BDA's obligation to comply with this and other requirements applicable to permittees.

Given the representations of the parties and the entities that are to complete the projects contemplated by the Consent Decree, the United States has no objection to entry of the proposed Consent Decree. We accordingly notify the Court of that fact.

The United States again affirms for the record that, under prevailing law, it is not bound by this settlement. See, e.g., Martin v. Wilks, 490 U.S. 755, 762 (1989) ("A judgment or decree among parties to a lawsuit resolves issues as among them, but does not conclude the rights of strangers to those proceedings"); Hawthorn v. Lovorn, 457 U.S. 255, 268 n.23 (1982) (Attorney General is not bound by cases to which he was not a party); United States v. Atlas Powder, 26 Env't Rep. Cas. (BNA) 1391 (E.D. Pa. 1987) ("The United States is not bound by settlement agreements or judgments in cases to which it is not a party") ; 131 Cong. Rec. 15,633 (June 13, 1985) (statement of Senator Chafee, on Clean Water Act section 505(c)(3), confirming that the United States is not bound by settlements when it is not a party).

The United States also notes that, if the parties subsequently propose to modify any final consent judgment entered in this case, the parties should so notify the United States, and provide the United States with a copy of the proposed modifications, forty-five days before the court enters any such modifications. See 33 U.S.C. 1365(c)(3).

We appreciate the attention of the Court. Please contact the undersigned at (202) 353-0132 if you have any questions.

Sincerely,

Stacy Stoller, Attorney
Law & Policy Section
Environment & Natural Resources Division
United States Department of Justice
P.O. Box 4390
Ben Franklin Station
Washington, D.C. 20044-4390

Enc.

cc: Joshua R. Kratka, Plaintiff's counsel (w/o enclosure)
Gerald J. Petros, Defendant's counsel (w/o enclosure)

**MENZIE - CURA & ASSOCIATES, INC.**

*Environmental Consultants*

8 Winchester Place, Suite 202 • Winchester, Massachusetts 01890 • (781) 756-1600 • Fax (781) 756-1610 • www.menziecura.com

September 29, 2006

Josh Kratka
National Environmental Law Center
44 Winter Street, 4th Floor
Boston, MA 02108

Re: Expenditure of Funds From *RIPIRG v. BDA* Settlement

Dear Mr. Kratka:

The plaintiff groups involved in the RIPIRG, et al. v. Bradford Dyeing Association case have contacted Menzie-Cura & Associates, Inc., about performing an analysis of water quality and aquatic life in the Pawcatuck River watershed. The plaintiff groups have explained that Menzie-Cura's work would be paid for by the Bradford Area Environmental Fund, an escrow account created by a consent judgment in settlement of the case.

Although the details of the study have not yet been finalized, the purpose of this letter is to inform you, as the legal representative of the plaintiff groups, that Menzie-Cura:

1) will read the proposed consent judgment as it relates to the Bradford Area Environmental Fund before performing the study described above;
2) will spend any money it receives under the proposed consent judgment only for purposes specified in the judgment, and we agree that none of the money we receive in connection with this work will be paid to Plaintiffs;
3) will not use any money received under the proposed consent judgment for political lobbying activities;
4) will submit to the parties in the case and to the United States a letter or report describing how the money was spent.

Sincerely,

Margaret E. McArdle, M.S.
Senior Scientist

JSI Center for Environmental Health Studies

44 Farnsworth Street
Boston · Massachusetts
02210 · 1211

617 · 482 · 9485 Voice
617 · 482 · 0617 Fax
jsinfo@jsi.com Email

September 29, 2006

Josh Kratka
National Environmental Law Center
44 Winter Street, 4th Floor
Boston, MA 02108

Re: Expenditure of Funds From *RIPIRG v. BDA* Settlement

Dear Mr. Kratka:

The plaintiff groups involved in the RIPIRG, et al. v. Bradford Dyeing Association case have contacted the JSI Research & Training Institute, Inc., about performing a public health survey in the Bradford, Rhode Island, area. The plaintiff groups have explained that JSI's work would be paid for by the Bradford Area Environmental Fund, an escrow account created by a consent judgment in settlement of the case.

Although the details of the study have not yet been finalized, the purpose of this letter is to inform you, as the legal representative of the plaintiff groups, that JSI:

1) will read the proposed consent judgment as it relates to the Bradford Area Environmental Fund before performing the study described above;
2) will spend any money it receives under the proposed consent judgment only for purposes specified in the judgment, and we agree that none of the money we receive in connection with this work will be paid to Plaintiffs;
3) will not use any money received under the proposed consent judgment for political lobbying activities;
4) will submit to the parties in the case and to the United States a letter or report describing how the money was spent.

Sincerely,

Terry Greene
Environmental Health Specialist

National Environmental Law Center
44 Winter Street, Boston, MA 02108 (617) 422-0880 Fax: (617) 422-0881

October 12, 2006

Stacy Stoller
Law & Policy Section
Environment & Natural Resources Division
United States Department of Justice
PO Box 4390
Ben Franklin Station
Washington, D.C. 20044-4390

Re: RIPIRG, et al. v. Bradford Dyeing Association, Inc.
D. Rhode Island, No. 05-363T

Dear Ms. Stoller:

The parties in the above-captioned case have reviewed the comments you submitted to the court regarding the parties' proposed consent decree, and counsel for Bradford Dyeing Assocation have authorized me to submit this letter on their behalf as well as on behalf of the plaintiff groups, whom I represent.

With respect to the expenditure of settlement monies held in the Bradford Area Environmental Fund: Although the parties disagree with your characterization of the Fund as performing "supplemental environmental projects," and do not believe that in any event the parties are bound by U.S. EPA's guidelines governing such projects, the parties nonetheless believe that both the Fund and the local projects that will be supported by the Fund comport with the principles described in your comments. The plaintiffs plan to spend the $75,000 that will be deposited in the Fund on two local projects with purposes consistent with those set forth in paragraph 28 of the consent decree: a water quality study in the Pawcatuck River watershed, and a public health survey focused on the Bradford area. Although the details of these studies have not been finalized, plaintiffs have obtained letters (attached) from the two entities selected to perform these studies confirming that they will comply with the guidelines set forth in your comments. Neither of the entities has any connection to any of the plaintiff organizations.

With respect to additional sampling and tests BDA may perform pursuant to the consent decree: The parties agree that the United States is not bound by any provisions in the consent decree that could be construed as limiting the government's ability to determine or enforce compliance with the Clean Water Act, EPA regulations, or BDA's RIPDES permit.

The parties understand that, upon receipt of this letter, you will inform the court that the concerns expressed in your letter have been satisfactorily addressed.

Sincerely,

Josh Kratka

cc: Counsel of record